IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DEWEY ANDREW PARTIN,

    Plaintiff,

v.                             CIVIL ACTION NO.: CV507-081

Dr. TOM FERRELL, Medical Director,
Ware State Prison, and TERRY
WILSON, Medical Administrator,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Ware State Prison in Waycross, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he was transferred to Ware State Prison on February 15, 2007 for medical care and was seen by medical staff that same day. Plaintiff contends that he was seen several times by Defendant Doctor Ferrell, who prescribed him "Naprosyn" and "Motrin" but refused to give him certain medication previously prescribed by his private physician. Plaintiff alleges that this treatment amounts to cruel and unusual punishment in violation of his Eighth Amendment rights.

Under the Eighth Amendment, prison officials are forbidden from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). However, the

allegation that an inmate has not received the treatment or medication which *he* deems appropriate is not sufficient to state a deliberate indifference claim. The facts stated by Plaintiff allege at most a difference of opinion as to the course of his treatment. Such allegations are not cognizable under section 1983. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion between prison medical officials and an inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment). "[I]ncidents of negligence or malpractice do not rise to the level of constitutional violations." Id. Plaintiff has a forum for malpractice claims in the state court system. Plaintiff has stated no cause of action against Defendants, and his Complaint is thus due to be dismissed.

**SO REPORTED** and **RECOMMENDED** this 5th day of December, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE