IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DEWEY ANDREW PARTIN,

    Plaintiff,

v.

Dr. TOM FERRELL, Medical Director,
Ware State Prison, and TERRY
WILSON, Medical Administrator,

    Defendants.

CIVIL ACTION NO.: CV507-081

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed. The Magistrate Judge concluded that Plaintiff's allegations demonstrated nothing more than a mere difference of opinion with prison officials as to the appropriate course of his medical treatment, and that such allegations are insufficient to state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. Plaintiff has filed Objections to the Report and Recommendation, wherein he contends that his preferred course of treatment is supported by the existence of certain pre-incarceration medical care by a "licensed, competent, medical physician." (Doc. No. 4, p. 3). Plaintiff essentially asserts that because his private physician prescribed certain medications for his back and nerve conditions, including morphine and other injections, he is entitled to continue receiving the same treatment in prison, and that a change in that treatment by prison officials constitutes cruel and unusual punishment.
AO 72A
(Rev. 8/82)

Though Plaintiff may desire different medication or a different course of treatment while incarcerated, more than a mere difference of opinion with medical personnel is required to support an Eighth Amendment deliberate indifference claim. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). The fact that inmates are entitled to adequate care does not mean that they are entitled to the care of their choice. In a case such as this where the inmate has, in fact, received medical treatment, courts are reluctant to question the propriety of the particular medical decisions made by prison officials. Id. at 1507. The things about which Plaintiff complains – namely, the appropriateness of one medication over another – are classic examples of matters best left to the judgment of medical professionals. At most, allegations as to the prison doctor's decision to treat Plaintiff with over-the-counter medications sound in medical malpractice, the proper forum for which is state court; such a decision does not, however, constitute cruel and unusual punishment.

The Complaint's allegations, even when read in a light most favorable to Plaintiff, fail to state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A. Plaintiff's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of this Court. Plaintiff's Complaint is hereby **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

SO ORDERED, this 25th day of January, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA